UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:14-cr-67-SEB-DML-07 |
| v. | ORDER ON MOTIONS FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| LARRY EUGENE COE | (COMPASSIONATE RELEASE) |

Upon motions of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motions are:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:14-cr-00067-SEB-DML |
| ) | |
| LARRY EUGENE COE, ) | -07 |
| ) | |
| Defendant. ) | |

## ORDER

Defendant Larry Eugene Coe has filed motions seeking compassionate release under § 603 of the First Step Act of 2018, which is codified at 18 U.S.C. § 3582(c)(1)(A). Dkts. 718, 782. Mr. Coe seeks immediate release from incarceration. Dkt. 782. For the reasons explained below, his motions are **DENIED**.

**I.    Background**

In 2015, Mr. Coe was sentenced to 210 months of imprisonment and 5 years of supervised release after he pled guilty to one count of conspiracy to possess with intent to distribute and to distribute 5 kilograms or more of cocaine and 280 grams or more of cocaine base. Dkts. 427, 434. In pleading guilty, Mr. Coe stipulated to the fact that he received cocaine from his co-defendant and distributed it to other individuals.  When he was arrested, Mr. Coe was carrying a bag that contained 325 grams of powder cocaine, 50.6 grams of crack cocaine, and 350 grams of marijuana. Law enforcement officers found $10,700 in cash in Mr. Coe's pockets, and he admitted that he had thrown a loaded Glock 9-millimeter firearm away while fleeing from police. Dkt. 367.

Mr. Coe is currently 45 years old. He has been incarcerated for almost 7 years. The Bureau of Prisons (BOP) lists his anticipated release date (with good-conduct time included) as February 7, 2029. That is, he has served about 46% of his sentence. He is currently incarcerated at FCI Ashland in Ashland, Kentucky. As of March 1, 2021, the BOP reports that no inmates and 6 staff members at FCI Ashland have active COVID-19 infections. https://www.bop.gov/coronavirus/ (last visited Mar. 1, 2021). It also reports that 340 inmates and 62 staff members at FCI Ashland have recovered from the virus and that 6 inmates at FCI Ashland have died from the virus. *Id.* The BOP has also begun vaccinating inmates and staff at its facilities. https://www.bop.gov/resources/news/20210223_vaccination_status.jsp (last visited Mar. 2, 2021). As of February 22, 2021, 52,534 total doses of the vaccine have been administered by the BOP and every location within the BOP has received the first dose of the vaccine. *Id.*

In May 2020, Mr. Coe filed a pro se motion for compassionate release, dkt. 718, as well as several other pro se supplemental submissions in support of his motion, dkts. 729, 730, 779. The Court appointed counsel, dkt. 726, counsel filed an amended motion for compassionate release and supporting memorandum, dkt. 782, and the United States responded, dkt. 784. Mr. Coe did not file a reply. Thus, his motions are ripe for decision.

**II.     Discussion**

Mr. Coe seeks immediate release based on "extraordinary and compelling reasons" as set forth in 18 U.S.C. § 3582(c)(1)(A)(i). Dkt. 782. Specifically, he contends that his underlying medical conditions (obesity, diabetes, asthma, and hypertension), which make him more susceptible to severe complications from COVID-19, combine with the BOP's inability to control COVID-19 outbreaks in their facilities to establish extraordinary and compelling reasons to reduce his sentence to time served. *Id.* In response, the United States argues that Mr. Coe has not shown

extraordinary and compelling reasons warranting a sentence reduction; that he would pose a danger to the community if released; and that the § 3553(a) factors do not favor release. Dkt. 784.

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Under one exception to this rule, a court may reduce a sentence upon finding there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). Before the First Step Act, only the Director of the Bureau of Prisons ("BOP") could file a motion for a reduction based on "extraordinary and compelling reasons." Now, a defendant is also permitted to file such a motion after exhausting administrative remedies. *See* First Step Act of 2018, Pub. L.N. 115-391, 132 Stat. 5194, 5239 (2018). The amended version of the statute states:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier,[1] may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> > (i) extraordinary and compelling reasons warrant such a reduction; or
> >
> > (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

---

[1] The United States concedes that Mr. Coe has exhausted his administrative remedies. Dkt. 744.

>and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A).

Congress directed the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). It directed that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." *Id.* Before passage of the First Step Act, the Sentencing Commission promulgated a policy statement regarding compassionate release under § 3582(c). U.S.S.G. § 1B1.13.

Section 1B1.13 sets forth the following considerations. First, whether "[e]xtraordinary and compelling reasons warrant the reduction" and whether the reduction is otherwise "consistent with this policy statement." U.S.S.G. § 1B1.13(1)(A), (3). Second, whether the defendant is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). Finally, consideration of the sentencing factors in 18 U.S.C. § 3553(a), "to the extent they are applicable." U.S.S.G. § 1B1.13.

As to the first consideration, Subsections (A)-(C) of Application Note 1 to § 1B1.13 identify three specific "reasons" that qualify as "extraordinary and compelling": (A) terminal illness diagnoses or serious conditions from which a defendant is unlikely to recover and which "substantially diminish[]" the defendant's capacity for self-care in prison; (B) aging-related health decline where a defendant is over 65 years old and has served at least ten years or 75% of his sentence, whichever is less; or (C) certain family circumstances (the death or incapacitation of the caregiver of the defendant's minor child or the incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner). U.S.S.G. § 1B1.13, Application Note 1(A)–(C). Subsection (D) adds a catchall

provision for "extraordinary and compelling reason[s] other than, or in combination with, the reasons described in subdivisions (A) through (C)," "[a]s determined by the Director of the Bureau of Prisons." *Id.*, Application Note 1(D).

The policy statement in § 1B1.13 addresses only motions from the Director of the BOP. *Id.* ("Upon the motion of Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment . . . "). It has not been updated since the First Step Act amended § 3582(c)(1)(A) to address motions that are filed by prisoners. As a result, the Sentencing Commission has not yet issued a policy statement "applicable" to motions filed by prisoners. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). And, in the absence of an applicable policy statement, the portion of § 3582(c)(1)(A) requiring that a reduction be "consistent with the applicable policy statements issued by the Sentencing Commission" does not curtail a district court judge's discretion. *Id.* at 1180. Nonetheless, the Commission's analysis in § 1B1.13 can guide a court's discretion without being conclusive. *Id.* As to motions brought under the "catchall" provision in Subsection (D), district judges should give the Director of the BOP's analysis substantial weight (if he has provided such an analysis), even though those views are not controlling. *Id.*

Accordingly, the Court evaluates motions brought under the "extraordinary and compelling" reasons prong of § 3582(c)(1)(A) with due regard for the guidance provided in § 1B1.13 by deciding: (1) whether a defendant has presented an extraordinary and compelling reason warranting a sentence reduction; (2) whether the defendant presents a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and (3) whether the applicable sentencing factors in § 3553(a) favor granting the motion.

Mr. Coe does not suggest that Subsections (A)-(C) of Application Note 1 to § 1B1.13 apply to him. Instead, he asks the Court to exercise its broad discretion to find that extraordinary and compelling reasons warrant immediate release in his case.[2]

The risk that Mr. Coe faces from the COVID-19 pandemic is not an extraordinary and compelling reason to release him. While the Court sympathizes with Mr. Coe's fear of contracting the virus, the general threat of contracting COVID-19 is not an extraordinary and compelling reason warranting a sentence reduction. *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."); *United States v. Jackson*, No. 1:18-cr-314-RLY-MJD01, dkt. 33 (S.D. Ind. Aug. 12, 2020) (concluding that the general threat of contracting COVID-19 is not an extraordinary and compelling reason warranting a sentence reduction).

Mr. Coe claims that he is at an increased risk of experiencing severe COVID-19 symptoms because he suffers from obesity, diabetes, hypertension and asthma. Obesity and diabetes have been identified by the Centers for Disease Control and Prevention (CDC) as increasing the risk for serious complications from COVID-19. *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Mar. 2, 2021). Hypertension and moderate-to-severe asthma may also increase the risk of severe COVID-19 symptoms. *Id.* However, it does not appear that Mr. Coe currently suffers from any of these conditions. While

---

[2] In keeping with the Seventh Circuit's instruction in *Gunn*, 980 F.3d at 1180-81, the Court has considered the rationale provided by the warden in denying Mr. Coe's administrative request for relief. Mr. Coe's warden appears not to have considered the possibility that Mr. Coe could show an "extraordinary and compelling reason" under Subsection (D) of the policy statement and instead focused only on Subsection (A). *See* dkt. 741. Thus, the warden's decision provides little guidance to the Court's analysis.

he has suffered from those conditions in the past, his most recent medical records indicate that none of them are still active. Dkt. 784-2 at 14-15.

Without any medical conditions that put him at increased risk of severe illness should he contract COVID-19, the Court cannot find that Mr. Coe has shown extraordinary and compelling reasons to justify his release. This Court has routinely denied such motions from similar defendants, even when they are incarcerated in a "hotspot" for COVID-19 infections. *See United States v. Dyson*, 2020 WL 3440335, at *3 (S.D. Ind. June 22, 2020) (collecting cases).

Regardless, even if Mr. Coe does suffer from conditions that increase his risk of severe COVID-19 symptoms, that does not end the analysis. The Court must also evaluate whether the sentencing factors in § 3553(a) weigh in favor of release. The factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed (a) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (b) to afford adequate deterrence to criminal conduct; (c) to protect the public from further crimes of the defendant; and (d) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the defendant's crimes; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a). The Court will address those factors that are applicable to Mr. Coe's motion.

Here, Mr. Coe might suffer from some medical conditions that increase his risk of experiencing severe symptoms if he contracts COVID-19. *See*

https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Mar. 2, 2021) (identifying obesity and type 2 diabetes as conditions that increase the risk of severe COVID-19 symptoms). While FCI Ashland experienced a significant outbreak of COVID-19, the BOP's efforts to control the virus among the inmate population appear to be having some success. https://www.bop.gov/coronavirus/ (last visited on Mar. 2, 2021) (showing that 340 inmates had recovered from the virus). That said, the nature of prisons means that the virus can spread quickly and that inmates have little ability to protect themselves from the virus. In short, the Court is aware of the risk that Mr. Coe faces from COVID-19 and has given it appropriate weight in its consideration of the § 3553(a) factors. The Court also recognizes that Mr. Coe has maintained a clean disciplinary record while incarcerated and that he has completed multiple educational classes.

Nonetheless, the facts of Mr. Coe's crimes are serious and warrant a serious sentence. The Presentence Investigation Report (PSR) indicates that Mr. Coe was conservatively accountable for obtaining at least 1 kilogram of powder cocaine and 280 grams of cocaine base each month from January 2011 to December 2013—that is, a total 36 kilograms of powder cocaine and 10.08 kilograms of cocaine base. Dkt. 367. Mr. Coe has 15 prior convictions, including multiple felonies. *Id.* In one incident from 1997, Mr. Coe was convicted of felony criminal recklessness and misdemeanor resisting law enforcement after he fired a shotgun outside a building. Mr. Coe fled from law enforcement officers and was only apprehended after the SWAT team was called. Finally, also weighing against him, Mr. Coe has only served about 46% of his sentence, and he is not set to be released for about 8 years.

Under these circumstances, the Court finds that releasing Mr. Coe now would not adequately reflect the seriousness of his crimes, would not provide just punishment for the offense, would not afford adequate deterrence to criminal conduct and would not adequately protect the public from Mr. Coe's future crimes. Accordingly, any risk presented by the COVID-19 pandemic does not weigh in favor of releasing Mr. Coe. *See United States v. Saunders*, 986 F.3d 1076, 1078 (7th Cir. 2021) (affirming denial of motion for compassionate release where district court found that § 3553(a) factors weighed against release despite COVID-19 risk because defendant committed serious offense and had only served one-third of sentence); *United States v. Ebbers*, No. S402-CR-11443VEC, 2020 WL 91399, at *7 (S.D.N.Y. Jan. 8, 2020) (in evaluating a motion for compassionate release, the court should consider whether the § 3553(a) factors outweigh the "extraordinary and compelling reasons" warranting compassionate release, and whether compassionate release would undermine the goals of the original sentence).

### III. Conclusion

For the reasons stated above, Mr. Coe's motions for compassionate release, dkts. [718] and [782], are **denied**.

**IT IS SO ORDERED.**

Date: 3/5/2021

*signature: Sarah Evans Barker*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel